**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

JUAN J. RIVERO-SOUSS, on behalf
of himself and all others
similarly situated,

    **Plaintiff,**

        **v.**

BANCO SANTANDER S.A.
and SANTANDER BANCORP.,

    **Defendants.**

**Civil No.** 09-2305 (FAB)

**OPINION AND ORDER**

BESOSA, District Judge

    This federal complaint stems from an initial transaction through which defendant Banco Santander S.A., the owner of approximately 90.6% of defendant Santander BanCorp.'s stock, acquired the outstanding shares of Santander BanCorp.'s common stock it did not already own for $12.25 net per share.  After the acquisition, Banco Santander S.A. now owns all of Santander BanCorp.'s stock.[1]

    On December 31, 2009, plaintiff Juan Rivero-Souss, (hereafter "plaintiff" or the "Class") filed a putative class action complaint challenging the merger, claiming an unfair cash-out of the minority

---

[1] Puerto Rico General Corporation Act allows an owner of more than 90% of the common stock of a Puerto Rico corporation to acquire and cancel immediately all of the outstanding shares of the corporation without seeking approval from the corporation's board of directors or stock holders.

stockholders and an entitlement to seek an appraisal to determine the fair value of their shares.[2]

On June 23, 2010, plaintiff Rivero-Souss, on behalf of a class of former Santander BanCorp stockholders, and defendants Santander Bancorp. and Banco Santander, S.A. ("defendant Banco Santander") reached a stipulation and agreement of compromise setting forth the terms of their settlement. Certain public disclosures and the increase of the offer price were included in the stipulation and agreement, and the right of the class or plaintiff to perfect claims for appraisal under Puerto Rico law was retained. Preliminary court approval was sought and obtained on June 28, 2010. The Court preliminary certified the class, appointed lead plaintiff and lead counsel, and found the settlement initially to be fair, reasonable and adequate, and in the best interest of the parties.[3] By July 23, 2010, Banco Santander had informed having acquired an additional 7.8% of the shares, with its ownership then at 98.4% of the outstanding shares. By July 29, 2010, Banco Santander had completed the merger and informed its former stockholders on August 6, 2010 of their right to seek statutory appraisal for their shares. The former Santander BanCorp. stockholders' period to provide notice of their intention to seek statutory appraisal expired on August 26, 2010.

---

[2] The cash tender was final at $12.69 net per share.

[3] A final settlement hearing is set for December 17, 2010, and subsequently referred to a United States Magistrate Judge for report and recommendation as to whether the settlement should be finally approved.

On August 22, 2010, Bodie Lifecycle Partnership (hereafter "Bodie Lifecycle") notified Banco Santander of its intention to pursue the appraisal remedy in the Puerto Rico Court of First Instance.

Pending before this Court at this stage is the proposed stipulation and agreement between plaintiff on behalf of a class and defendant Banco Santander.  The settlement is now subject to final Court approval because it resolves all the claims alleged by plaintiff as to the tender offer by Banco Santander for all the outstanding shares of Santander Bancorp.  On June 28, 2010, a Scheduling Order was entered which provided for the customary process through which class members could object to the terms of the proposed settlement at a fairness hearing.

On September 23, 2010, Bodie Lifecycle appeared before the Court with a request to intervene.  (Intervenor's Complaint; Docket Nos. 43 and 44.)  Both the plaintiffs and the defendants opposed the request.  (Oppositions; Docket Nos. 51 and 54.)  Bodie Lifecycle also filed, prior to having been granted leave to intervene, a Motion to Dismiss Class Action Complaint.  (Docket No. 49.)  Defendants also filed oppositions to the Motion to Dismiss (Docket Nos. 50 and 54.)

After careful consideration, Bodie Lifecycle's request to intervene (Docket No. 43) is **DENIED**.  We discuss succinctly the grounds for the denial.

A party that requests to intervene in a civil action pursuant to Federal Rule of Civil Procedure 24(a)(2) must satisfy four conjunctive prerequisites:  (1) a timely application for

intervention; (2) a demonstrated interest relating to the property
or transaction that forms the basis of the ongoing action; (3) a
satisfactory showing that the disposition of the action threatens
to create a practical impairment or impediment to its ability to
protect that interest; and (4) a satisfactory showing that existing
parties inadequately represent its interest.  See Conservation Law
Found. v. Mosbacher, 966 F.2d 39, 41 (1st Cir. 1992).  An applicant
for intervention as of right must run the table and fulfill all
four of these preconditions.  The failure to satisfy any one of
them dooms intervention.  See Travelers Indem. Co. v. Dingwell, 884
F.2d 629, 637 (1st Cir. 1989).  See also Public Service Co. of New
Hampshire v. Patch, 136 F3d197 (1st Cir. 1998).

     The request to intervene filed by Bodie Lifecycle does not
comply with the four prerequisites.  The motion is untimely because
it was filed on September 23, 2010, nine months after the proposed
transaction between the parties was announced back in December
2009.  In addition, the settlement had been disclosed and
preliminarily approved by the Court prior to Bodie Lifecycle's
request to intervene.  Furthermore, defendant Banco Santander has
already completed the merger.

     Fed.R.Civ.P. 24(a)(2) also requires the intervenor to show
potential economic harm; that is, it should be situated in a
position that would, as a practical matter, impair or impede the
movant's ability to protect its interest, unless the existing

parties adequately represent that interest.[4]   The settlement excludes the class members' right to seek statutory appraisal, for which defendant has provided notice of its intention to seek appraisal in the state courts.

Pursuant to Rule 23(e)(5), Bodie Lifecycle will have an opportunity to present its objections to the settlement at the hearing scheduled for December 17, 2010, pursuant to the case management order issued on June 28, 2010 (Docket No. 39), it may also obtain an appraisal in the Commonwealth Courts.   Therefore, the economic harm need not be addressed in a request to intervene.

In view of the foregoing, Bodie Lifecycle's Motion to Intervene (Docket No. 43) is **DENIED.**

The Intervenor Complaint filed by Bodie Lifecycle (Docket No. 44), the Motion for Leave to File Excess Pages (Docket No. 45), the Motion to Dismiss Class Action Complaint (Docket No. 49), and the Motion for Leave to File Document (Docket No. 53) are considered **MOOT** and as such are also **DENIED.**   The Motion for Leave to File Reply (Docket No. 55) is also **DENIED.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, November 3, 2010.


                                        s/ FRANCISCO A. BESOSA
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE

---

[4] A party should produce some tangible basis to support its claim of the purported inadequacy of the existing parties to represent its interest.   Public Service Co. of New Hampshire v. Patch, 136 F.3d 197 (1st Cir. 1998).